## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FITNESS ANYWHERE LLC,

               Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

               Defendants.

Case No. 19-cv-04155

## COMPLAINT

Plaintiff Fitness Anywhere LLC ("TRX" or "Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace

Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products featuring TRX's patented design. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring TRX's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused TRX substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by TRX to combat online infringers who trade upon TRX's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the hand grips for exercise equipment shown in **Exhibit 1**, that infringe TRX's patented design, U.S. Patent No. D669,945 (the "Infringing Products"). The Defendants create the Defendant Internet Stores by the dozens and design them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. TRX is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. TRX has been and continues

2

to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff Fitness Anywhere LLC**

4.     Plaintiff Fitness Anywhere LLC ("TRX") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1660 Pacific Ave, San Francisco, CA 94109.

5.     TRX is a leading provider of fitness-related technology, equipment, workout programs, and education courses.  TRX is also the exclusive owner of the brand TRX®.

6.     TRX designs, manufactures, and sells, among other things, resistance products, including various straps and ropes that are designed for body-weight resistance exercise (collectively, the "TRX Products").

7.     TRX Products have become enormously popular among professional athletes and recreational fitness enthusiasts alike, driven by the TRX brand's arduous quality standards and innovative designs.  Thousands of people at all fitness levels now train with TRX – from everyday people who want to feel and look their best, to some of the world's most elite athletes. TRX Products are used routinely by all four branches of the military, and can be found in the locker rooms of Major League Baseball teams, National Football League football teams, UFC fighters, and Olympic-level cyclists, swimmers and runners.

8.     Among the purchasing public, genuine TRX Products are instantly recognizable as such.  In the United States and around the world, the TRX brand has come to symbolize high

quality, and TRX Products are among the most recognizable pieces of fitness equipment in the world.

9. TRX Products are distributed and sold to consumers only through authorized selling channels, including the official trxtraining.com website, the official TRX eBay and Amazon stores, TRX authorized web affiliates, TRX authorized distributors, the TRX Training Center in San Francisco, California, and at tradeshows and industry events.

10. TRX Products are known for their distinctive patented designs. These designs are broadly recognized by consumers. Fitness equipment embodying these designs are associated with the quality and innovation that the public has come to expect from TRX Products. TRX uses these designs in connection with its TRX Products, including, but not limited to, the following patented design, herein referred to as the "TRX Design."

| Patent Number | Claim | Issue Date |
|---|---|---|
| D669,945 | FIG. 1 | October 30, 2012 |

4



FIG. 2

FIG. 3

FIG. 4

FIG. 5

FIG. 6

FIG. 7

11.     TRX is the lawful assignee of all right, title, and interest in and to the TRX Design.  The patent for the TRX Design was lawfully issued on October 30, 2012 with named inventors Stephanie Russo and Randal Hetrick.  Attached hereto as **Exhibit 2** is a true and correct copy of the TRX Design.

12.     TRX has not granted a license or any other form of permission to Defendants with respect to the TRX Design.

**The Defendants**

13.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions.  Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores.  Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

14.     On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the TRX Design in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for TRX to learn Defendants' true identities and the exact interworking of their network.  In the event that Defendants provide additional credible information regarding their identities, TRX will take appropriate steps to amend the Complaint.

15.     TRX has not licensed or authorized Defendants to use the TRX Design, and none of the Defendants are authorized retailers of genuine TRX Products.

16.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

17.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from TRX's trxtraining.com website.

18.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

19.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of TRX's enforcement efforts.    On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.  Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

20.     Defendants, without any authorization or license from TRX, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the TRX Design, and continue to do so via the Defendant Internet Stores.  Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

21.     Defendants' infringement of the TRX Design in the offering to sell, selling, or importing of the Infringing Products was willful.

22.     Defendants' infringement of the TRX Design in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming TRX.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D669,945
### (35 U.S.C. § 271)

23.     TRX hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24.     Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the TRX Design.

25.     Defendants have infringed the TRX Design through the aforesaid acts and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused TRX to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.  TRX is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26.     TRX is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  TRX is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, TRX prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by TRX and that include any reproduction, copy or colorable imitation of the design claimed in the TRX Design;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the TRX Design; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon TRX's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the TRX Design;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the TRX Design; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That TRX be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate TRX for infringement of the TRX Design, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the TRX Design;

4) That TRX be awarded from Defendants, as a result of Defendants' use and infringement of the TRX Design, three times TRX's damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That TRX be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 20th day of June 2019.            Respectfully submitted,


/s/ Justin R. Gaudio
Paul G. Juettner
Justin R. Gaudio
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
pjuettner@gbc.law
jgaudio@gbc.law
rjohnson@gbc.law

*Counsel for Plaintiff Fitness Anywhere LLC*